COURT OF COMMON PLEAS
FOR THE STATE OF DELAWARE
Wilmington, Delaware 19801

*Carl C. Danberg*
   *Judge*

August 4, 2015

Josiah R. Wolcott, Esquire
Connolly Gallagher, LLP
267 East Main Street
Newark, DE  19711

Leo John Ramunno, Esquire
Leo John Ramunno, Attorney at Law
5149 W. Woodmill Drive, Suite 20
Wilmington, DE  19808

Re:    **Shoppes of Mount Pleasant, LLC, a Delaware Limited Liability
         Company v. J.M.L., Inc., a Delaware Corporation, and Lawrence
         Gillen, an individual**
         *C.A. No.:   CPU4-14-001415*

Dear Counsel:

Before the Court is Plaintiff's application for an award of attorney's fees in the above-captioned matter.  This case arises out of a contract between the parties, under which the Shoppes of Mount Pleasant ("Shoppes") agreed to lease commercial space to J.M.L., Inc. ("JML") for the operation of a liquor store.  Mr. Gillen ("Gillen") signed on behalf of JML, and while this was disputed at trial, the Court found Gillen signed as the guarantor.  After the liquor store ceased operations, Shoppes brought this debt action against the Defendants.

On January 12, 2015, the parties stipulated to entering judgment against JML, and trial commenced against Gillen.  A key witness for Shoppes was absent from trial, however, the Court heard testimony and received evidence from all those present to testify.   On February 2, 2015, Shoppes supplemented its evidence by providing testimony of the witness who was absent from trial.  After receiving all of the evidence from trial, the Court reserved decision and ordered

briefing. On May 11, 2015, the Court entered Judgment in favor of Shoppes in the amount of $21,984.80 plus post judgment interest. The Court granted Josiah Wolcott, Shoppes' counsel, leave to submit an affidavit in support of attorney fees.

On June 5, 2015, Mr. Wolcott submitted an affidavit requesting an award of $42,412.00, and attached a detailed accounting of the entire amount. On June 17, 2015, Gillen filed an opposition to the requested fees asserting that the fees were unreasonable.

## THE LEGAL STANDARD

Delaware follows the American Rule, which provides that each party bears its own costs of litigation.[1] In this case, however, the contract at issue contained a fee shifting provision. The Delaware Supreme Court has determined that such provisions are enforceable.[2] However, when a contract provides that fees are to be shifted to the non-prevailing party, the presiding judge must "determine whether the requested fees are reasonable."[3]

The Delaware Lawyers' Rules of Professional Conduct provide guidance in determining the reasonableness of fees.[4] Rule 1.5 of The Delaware Lawyers' Rules of Professional Conduct provides a number of factors that the Court should consider in determining the reasonableness of attorney's fees:

    (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

    (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

    (3) The fee customarily charged in the locality for similar legal services;

    (4) The amount involved and the results obtained;

---

[1] *National Grange Mut. Ins. Co. v. Elegant Slumming, Inc.*, 59 A.3d 928, 933 (Del. 2013) (*citing Goodrich v. E.F. Hutton Group, Inc.*, 681 A.2d 1039, 1044 (Del. 1996)).
[2] *SIGA Technologies, Inc. v. PharmAthene, Inc.*, 67 A.3d 330, 352 (Del. 2013).
[3] *Id.* at 353 (*citing Mahani v. Edix Media Group, Inc.*, 935 A.2d 242, 245 (Del. 2007)).
[4] *Mahani* 935 A.2d at 246; *All Pro Maids, Inc. v. Layton*, 2004 WL 1878784, at 1 (Del. Ch. 2004).

(5) The time limitations imposed by the client or by the circumstances;

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and,

(8) Whether the fee is fixed or contingent.[5]

In addition to these factors, it is also appropriate and necessary for the Court to "consider whether the number of hours devoted to litigation was excessive, redundant, duplicative or otherwise unnecessary."[6]

## DEFENDANT GILLEN'S ARGUMENT

Gillen claims the fee request is unreasonable and sets forth four bases upon which the court should deny or reduce the fees. First, Gillen states that the complaint failed to demand fees, and as such, the request for fees should be denied. Next, Gillen argues that Mr. Wolcott's request for $25,050.00 for preparing post-trial memoranda is unreasonable and not in conformity with standard Delaware practice. Third, Gillen claims that Plaintiff's request for costs of the second day of trial testimony should not be granted because the second day of testimony was only necessary because plaintiff's witness failed to appear. Finally, Gillen contends that Mr. Wolcott's request for fees totaling to more than twice the amount of the judgment is unreasonable and would set precedent in Delaware. Instead, Gillen argues that the Court should limit the fee recovery to one-third of the judgment.

## DISCUSSION

### A.    The Plaintiff Properly Pled and Preserved the Issue of Fees.

The Defense first asserts the plaintiff failed to plead attorney's fees in the complaint and therefore, no fees should be awarded. Gillen is correct that the original complaint does not

---

[5] Del. Lawyers' R. Prof'l. Conduct 1.5(a).
[6] Mahani at 247.

3

specifically demand attorney's fees; however, Shoppes filed a Motion to Amend the Complaint pursuant to C.C.P. Civ. R. 15. The Court granted the Motion on November 25, 2014 and Shoppes filed an Amended Complaint on December 2, 2014. Paragraph 12 of the plaintiff's amended complaint provides:

> The Lease Agreement also provides that JML and Gillen "shall reimburse [Shoppes] for all reasonable legal fees incurred by [Shoppes] in enforcing any provisions" of the Lease Agreement. See Lease Agreement at ¶14(B).

As the Amended Complaint demands legal fees, Shoppes has pled and preserved the issue. Accordingly, the Court will proceed with an analysis of the reasonableness of the requested fees.

### B. The Fee Request for Post-Trial Memoranda is Unreasonable.

The Court has undertaken a careful review of the billings submitted. The Court must address Gillen's error in asserting that Mr. Wolcott's fee request for post-trial memoranda amounted to $25,050.00. The total number of hours expended by Mr. Wolcott on the post-trial memoranda is 32.5 hours. At Mr. Wolcott's full rate of $400.00 per hour, the amount or requested attorney's fees for post-trial memoranda equates to $13,000.00, not $25,050.00. However, this misses the point entirely, because the fundamental question is whether the fees are reasonable. The Court cannot conclude that Mr. Wolcott's 32.5 hours spent preparing post-trial memoranda, reviewing the memoranda with his client, and editing and filing the document with the court is, by itself, unreasonable; however, taken in the context of the entire matter, 32.5 hours constitutes 38% of all the hours billed. In this context, attributing almost 40 percent of the total time on post-trial memoranda is unreasonable, especially considering the total anticipated value of the matter. A more reasonable expenditure of time would be between 20% and 30% of the total hours, or in the range of 17 – 25 hours. Accordingly, the Court will deduct 7.5 hours from the total billed for the fees requested concerning the post-trial memoranda.

4

## C. The Fee Request for the Supplemental Testimony is Unreasonable.

Trial was scheduled to proceed on January 12, 2015. One of Plaintiff's key witnesses, the spouse of the owner and principal of Shoppes, was absent. The weekend prior to trial, the owner and his spouse were in Florida, and planned to fly back to Philadelphia the evening before trial. Due to weather conditions, the flight was canceled, and the spouse did not make it back in time for trial. The Court acquiesced to Plaintiff's request for an additional day of testimony to supplement the record, and on February 2, 2015, the Court reconvened the trial to hear the supplemental testimony.

This supplemental testimony was, in fact, important to Shoppes' case as the spouse was a witness to the execution of the contract, and signed as a witness to Gillen's signature. This testimony informed the Court in its ultimate decision in the case. Obviously, Mr. Wolcott was not responsible for Plaintiff's witness being absent any more than he was responsible for the Plaintiff's decision to leave so little room for error when planning their return flight to Delaware. The time and energy that Mr. Wolcott invested on behalf of his client pursuing the supplemental testimony was reasonable, appropriate and necessary to the prosecution of the case; nevertheless, it is unreasonable to tax these costs to the Defense. In reviewing the submitted statements, 5.5 hours are related to pursuing this testimony. As this was an accommodation to Shoppes, these hours will be deducted from any award of fees.

## D. The Fee Request is not Limited by Contingency Fee Considerations.

Contrary to Defendant's contentions, a fee award which exceeds the damages awarded is not a novel concept in Delaware. In *Weichert Co. of Pennsylvania v. Young, et al*, the Court of Chancery awarded injunctive relief and $7,541.39 in damages, together with fees of $89,490.81.[7] Least *Weichert* be viewed as an anomaly limited by its admittedly egregious facts, in *Preferred*

---

[7] Weichert Co. of Pennsylvania v. Young, 2008 WL 1914309 (Del. Ch. May 1, 2008).

*Investments, Inc. v. T & H Bail Bonds, et al.*, the Court of Chancery awarded attorney fees of $287,339.99 on damages of $45,924.88.[8] Moreover, in *Preferred Investments*, Vice Chancellor Parsons implicitly rejected the argument that Gillen advances here: that the reasonableness of a fee request can be determined by looking to the standard for a contingency fee (one third of awarded damages).[9] In *Preferred Investments*, the court acknowledged the defense's request to tie the award of fees to the normal contingency rate, but then wholly ignored the argument, and instead turned to Rule 1.5 for guidance on reasonableness. The Court finds no basis in case law to link an award of fees to a prevailing party to what a plaintiff may agree to pay his or her attorney on a contingency basis.

**E.      The Fee Request, in Light of the Factors Set Forth in Rule 1.5, is Unreasonable.**

The proper determination of the reasonableness of fees is provided in Rule 1.5 of The Delaware Lawyers' Rules of Professional Conduct, and it is to this Rule the Court turns for guidance in this case. The Court will address the factors to be considered determining the reasonableness of a fee *in seriatim*:

(1) *The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly*;

This is an action for breach of contract, and the existence of the contract was not disputed. It was also not disputed that Gillen participated in the execution of the contract and subsequent amendments. The primary issue for trial was whether Gillen signed solely on behalf of the corporation, or whether he also signed personally as a guarantor. Gillen claimed that he did not sign the contract as a guarantor, and contended that the signatures on the document

---

[8] RE: Preferred Investments, Inc. v. T & H Bail Bonds, 2014 WL 1292362 (Del. Ch. March 25, 2014)
[9] Id.

presented at trial were forged. While there was some documentary support for the position of both parties, the issue became one of credibility. As such, this was not a complex commercial litigation matter, involving copious discovery requests, volumes of documents to be cataloged and reviewed and endless depositions. Mr. Wolcott is an experienced, well respected member of the Delaware Bar, and a partner in a firm. However, the issue in this case did not demand the sole attention of a partner in a firm. A junior employee could have capably performed much of the legal services with some oversight.

(2) *The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer*;

As indicated above, this case did not involve complex corporate litigation. Acceptance of this matter would not have obviously precluded Mr. Wolcott from accepting other cases.

(3) *The fee customarily charged in the locality for similar legal services*;

The hourly rate charged by Mr. Wolcott was entirely reasonable for a partner in a firm in Delaware, and is at or below the hourly rates charged by similarly situated partners in firms; however, it is not commiserate with the work involved. Every hour billed, related to work performed, was attributed solely to Mr. Wolcott. While the Court recognizes that not all firms employ associates, the use of less seasoned members of the bar and paralegals is commonplace. For example, junior employees can reasonably be expected to perform legal research and drafting of documents. Under such circumstances, a blended rate of $280.00 would have been in keeping with the standards in this community.

(4) *The amount involved and the results obtained*;

In Plaintiff's Amended Complaint, Shoppes demanded $26,286.75 together with costs, interest and fees. The Court ultimately awarded the plaintiff $21,984.80, essentially granting

Plaintiff all of its requested relief. So, in terms of results obtained, Plaintiff succeeded; however, Plaintiff entered into litigation knowing the total value of the case was $26,286.75.

(5) ***The time limitations imposed by the client or by the circumstances***;

This factor does not appear to be an issue in this case.

(6) ***The nature and length of the professional relationship with the client***;

The Court has no knowledge of the nature and length of the professional relationship involved in this case, and therefore, gives no weight to this factor.

(7) ***The experience, reputation, and ability of the lawyer or lawyers performing the services***;

Mr. Wolcott is an experienced, well respected member of the bar, and a partner in a well respected firm. He performed his duties as the Court would expect from a prominent member of the bar. He was diligent and thoughtful in the presentation of the case, and presented the case in a light very favorable to his client.

(8) ***Whether the fee is fixed or contingent.***[10]

The fee was neither fixed nor contingent, but based upon an hourly rate charged for services rendered. In reviewing Mr. Wolcott's bill for services, the Court concludes the time devoted to the litigation was appropriate, and in no way excessive, redundant, duplicative or otherwise unnecessary.[11]

## CONCLUSION

The complexity of the matter and the total fee billed is unreasonable given the skill requisite to perform the service. Accordingly, the Court concludes the hours and effort expended by Shoppes' counsel to be entirely reasonable, except for 7.5 hours related to briefing, and 5.5

---

[10] Del. Lawyers' R. Prof'l. Conduct 1.5(a).
[11] Mahani at 247.

8

hours related to the supplemental testimony necessitated by the plaintiff's witness. The total hours according to the billing documents submitted for court review were 84.9. Reducing this amount by the hours determined to be unreasonable reduces the total hours to 71.9. The Court also concludes the various hourly rates charged of $380.00 and $400.00 per hour to be in excess of that necessary for the complexity of this matter and the skill required to perform the service. The Court has calculated a "blended rate" of $280.00 per hour. This rate is based upon an estimation that 80% of the work completed could have been reasonably performed by junior employees at a rate of $250.00 per hour, and that 20% of the work could have been performed by a supervising partner at $400.00 per hour. At $280.00 per hour, the total for attorney's fees is $20,132.00. Plaintiff has also itemized $1,933.74 in costs which are properly charged to the defendant.

It is therefore ORDERED that the Court awards the plaintiff reasonable attorney's fees in the amount of $20,132.00 and costs in the amount of $1,933.74.

**IT IS SO ORDERED this 4th day of August, 2015.**

The Honorable Carl C. Danberg,
Judge

cc: Tamu White, Judicial Case Management Supervisor